STATE OF WEST VIRGINIA

SUPREME COURT OF APPEALS

FILED

March 24, 2014

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**PATRICK L. LINZY,**
**Claimant Below, Petitioner**

**vs.)   No. 12-0877** (BOR Appeal No. 2046797)
                    (Claim No. 2012007505)

**BRADLEY PUBLIC SERVICE DISTRICT,**
**Employer Below, Respondent**


## MEMORANDUM DECISION

Petitioner Patrick L. Linzy, by John H. Shumate Jr., his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Bradley Public Service District, by Alyssa A. Sloan, its attorney, filed a timely response.

This appeal arises from the Board of Review's Final Order dated June 29, 2012, in which the Board affirmed a January 6, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's September 1, 2011, decision which rejected the claim. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Linzy sustained an injury to his right shoulder, neck, and head in a motor vehicle accident when he was rear-ended by another vehicle on August 26, 2011. At the time of the accident, he was returning to his place of employment from his lunch break. Mr. Linzy testified in a hearing before the Office of Judges on December 20, 2011, that his employer instructed him to take the company vehicle when he left for lunch that day in case he received a call while he was out. Mr. Linzy stated that he was paid during his lunch hour and that he was subject to being called back to work at any time. On the day of the injury, Mr. Linzy did not receive a call to

1

return to work and did not attend to any work-related business while he was out. The claims administrator rejected his claim on September 1, 2011.

The Office of Judges affirmed the decision of the claims administrator in its January 6, 2012, Order. The Office of Judges determined that the issue in this case was not whether an accident occurred but whether that accident occurred within the scope of employment. The Office of Judges determined that *Williby v. WVOIC*, 224 W.Va. 358, 686 S.E.2d 9 (2009), was controlling in this case. In *Williby* this Court held that if an employee is injured while coming or going from work and not within the scope of their employment, the claim is not compensable. The Office of Judges found that Mr. Linzy's injury did not occur in the scope of his employment because the accident occurred on a public highway and not within the confines of the employer's premises. It held that because Mr. Linzy was at lunch and not performing a work-related activity, his injury did not occur in the course of and resulting from his employment.

The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order in its June 29, 2012, decision. This Court agrees with the reasoning and conclusions of the Board of Review. At the time of the motor vehicle accident, Mr. Linzy was not acting within the scope of his employment. Though he was driving a company vehicle and subject to being called back to work, he was not performing a work-related activity when he left his place of employment to get lunch.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: March 24, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II

**DISSENTING:**
Justice Brent D. Benjamin

2